UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-CR-123 |
| | ) | (Phillips/Shirley) |
| RICHARD ERNEST HUEBNER | ) | |


## MEMORANDUM AND ORDER

On February 13, 2012, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 28-page Report and Recommendation (R&R) [Doc. 22] in which he recommended that defendant's motion to suppress evidence [Doc. 9] be denied. Thus, Judge Shirley recommended that defendant's statements made on the night of his arrest be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 26]. The government has responded [Doc. 28]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on November 28, 2011. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant has been charged in a single count indictment with being a felon in possession of a firearm. Magistrate Judge Shirley summarized the pertinent facts as follows:

> (1) an identifiable 911 call of shots fired; (2) it is illegal for firearms to be fired anywhere inside the city limits of Sevierville; (3) it was 10:10 p.m.; (4) the officers interviewed the 911 complainant and were shown where the shots were coming from; (5) upon arriving outside the defendant's trailer, the officers observed shots being fired from behind the trailer; (6) the defendant walked from behind his trailer where the shots had been fired; (7) the officers did not notice anyone else in the area.

Report and Recommendation [Doc. 22, p. 13]. The magistrate judge found that the defendant was seized by officers when he was ordered to the ground and handcuffed by the officers, and that the circumstances provided the officers with reasonable suspicion to briefly detain the defendant for investigatory purposes. Defendant objects to these findings by the magistrate judge, and instead, argues that he was arrested without probable cause, making his statements to officers fruit of the poisonous tree which must be suppressed.

After a careful review of the record in this case, the court agrees with the magistrate judge's recommendation that based on the totality of the circumstances, it was reasonable and necessary for the officers' safety to detain defendant while the officers continued their investigation which included both questioning the defendant and searching the surrounding area. Thus, the court agrees with the magistrate judge's conclusion that defendant's detention was a constitutionally permissible investigative detention until the point at which officers discovered the firearm and placed him under arrest.

Next, defendant objects to the magistrate judge's recommendation that his statements made to Officer Ballard be admissible at trial because they were made voluntarily after defendant was properly advised of his *Miranda* rights. In support of his objection, defendant avers that the conflicting testimony of the officers fails to establish the government's burden of showing a waiver of *Miranda* rights.

The magistrate judge found the testimony of Officer Ballard on this issue credible and not contradicted by the record. Officer Ballard testified that defendant was ordered to the ground immediately and handcuffed, while the officers looked around the area to determine if others were present. During the investigation, Officer Ballard testified that he read defendant his *Miranda* rights and that defendant verbally acknowledged that he understood his rights. Defendant then asked Officer Ballard what was happening and the officer explained that they had received a "shots fired" call and were investigating it. Defendant responded, "We were just shooting into the bank behind the trailer." Defendant further stated that he was shooting with his neighbor, Mike, and that the shooting "wasn't a big deal." Officer Ballard further testified that defendant informed him that he was a felon and described the circumstances surrounding his drug conviction in Missouri. The court agrees with the magistrate judge's conclusion that, based upon Officer Ballard's testimony, defendant knowingly, intelligently and voluntarily waived his *Miranda* rights before speaking with Officer Ballard. Therefore, defendant's statements will be admissible at trial.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 26] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 22] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 9] is **DENIED** in its entirety, whereby the court will allow the introduction of defendant's statements to Officer Ballard at the trial of this matter, which is presently set for August 28, 2012.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge